UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

ARNALDO RAFAEL AURE IBARRA,  )
                             )
             Petitioner,     )
                             )
v.                           )   Case No. CIV-25-1519-R
                             )
SCARLET GRANT, et al.,       )
                             )
             Respondents.    )

## ORDER

Petitioner, a citizen of Venezuela, entered the United States on or about September 17, 2022. The Department of Homeland Security issued a notice to appear charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and ordering him to appear before an immigration judge on January 11, 2028 [Doc. No. 10-1]. The notice to appear indicates that Petitioner is "an alien present in the United States who has not been admitted or paroled" rather than "an arriving alien." Petitioner subsequently filed an Application for Asylum with the Immigration Court [Doc. No. 10-2]. On November 25, 2025, Petitioner was detained by ICE pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2).

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], contending that § 1225(b)(2)(A) does not apply to noncitizens like him who previously entered the country and that his continued detention without a bond hearing violates his due process rights. This matter was referred to United States Magistrate Judge Amanda L. Maxfield pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Maxfield issued a Report and Recommendation [Doc. No. 12] recommending that the Court partially grant

1

the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner. Respondents filed a timely Objection to the Report [Doc. No. 13]. The Court must now make a *de novo* determination of the portions of the Report to which a specific objection was made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. The Court has addressed this same issue in prior orders. *See Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026).[1] The Court has considered Respondents' arguments, and is aware of recent (nonbinding) authority supporting Respondents' position. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

However, the Court continues to conclude that the better reading of the statutory provisions is that § 1225(b)(2) applies to noncitizens "seeking admission into the country" whereas § 1226 applies to noncitizens "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[T]he difference in treatment between a noncitizen at

---

[1] The Court adopts the reasoning and conclusions set forth in these prior orders.

2

the border and one already in the United States fits within the broader context of our immigration law."). Further, the Court rejects Respondents' argument that Petitioner's asylum application renders him subject to § 1225(b)(2). *See Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025) (finding that "[t]he manner in which the boxes were checked on [the petitioner's] NTA shows that the Government determined that [the petitioner] was detained under Section 1226(a)" and it "cannot now be heard to change its position to claim that he is detained under Section 1225(b)"); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *8 (D. Nev. Oct. 14, 2025) (rejecting contention that Respondents could sua sponte change classification on the notice to appear); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (concluding that § 1226(a) applies even though Petitioner applied for asylum); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (same); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (same).

Here, Petitioner's detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing. This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Toledo Santos*, 2026 WL 184287, at *2.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 12] and GRANTS the Petition in part. Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Because the relief Petitioner seeks based

on § 1226(a)'s applicability is granted, the Court declines to decide the merits of Petitioner's due process claim.

IT IS SO ORDERED this 4th day of March, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE